Tammy Hussin (Bar No. 155290)
HUSSIN LAW
1596 N. Coast Highway 101
Encinitas CA 92024
Tel: (877) 677-5397
Fax: (877) 667-1547
Tammy@HussinLaw.com

Attorney for Plaintiff, Gloria Clark

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GLORIA CLARK,<br><br>               Plaintiff,<br><br>    v.<br><br>SMILE BRANDS, INC.; SMILE BRANDS FINANCE, INC. dba BRIGHT NOW! DENTAL, INC.;<br><br>               Defendants. | Case No.: '18CV2374 CAB BLM<br><br>**COMPLAINT FOR DAMAGES:**<br>**1. VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *ET. SEQ.***<br>**2. VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code §1788 *ET. SEQ.***<br>**3. VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693, *ET. SEQ.*** |

For this Complaint, the Plaintiff, Gloria Clark, by undersigned counsel, states as follows:

1.      This action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* ("TCPA"), the Electronic Funds Transaction Act, 15 U.S.C. §1693, *et. seq.* ("EFTA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("Rosenthal FDCPA").

## JURISDICTION

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

4.     Plaintiff satisfies the Article III standing requirement, as she suffered a concrete and tangible injury in the form of repeated invasions of privacy as a result of Smile Brands' knowing and willful violations of the TCPA. *Van Patten v. Vertical Fitness Group*, D.C. No.3:12-cv-01614 (9th Cir., 2017).

5.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b), in that Defendant regularly and systematically solicits to and enters into business relationships with consumers within this judicial District, and the acts giving rise to this action occurred in this District.

## THE PARTIES

6.     The Plaintiff, Gloria Clark (hereafter "Plaintiff"), is an adult individual residing in Spring Valley, California.

7.      Defendant, Smile Brands, Inc. ("Smile Brands"), is a California corporation with its principal place of business located in Irvine, California.

8.     Defendant, Smile Brands Finance, Inc. dba Bright Now! Dental, Inc. ("SB Finance"), is a company involved in providing dental insurance and recovery/collection and is a "person" as defined by 47 U.S.C. § 153 (39).

9.     Defendants, in the regular course of their business, regularly engages in debt collection and each is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

///

## THE FACTS

10.    In or around May of 2017, Plaintiff received dental work which was financed through Defendants (the "Debt"). During the loan application process, Plaintiff executed a Finance Agreement (the "Agreement").

11.    The Debt arose from alleged services provided by SB Finance which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

12.    Pursuant to the terms of the Agreement, Plaintiff agreed to pay the sum of $122.41 on a monthly basis until such time as the loan was paid in full.

13.    Plaintiff provided her bank account information to Defendants, and authorized Defendants to withdraw the sum of $122.41 per month from her bank account.

14.    Sometime thereafter, Plaintiff fell upon hard times and struggled to meet her financial obligations, including what was owed to Defendants.

15.    Defendants then began calling Plaintiff on her cellular phone in an attempt to collect the Debt.

16.    When the calls began, Plaintiff spoke to Defendants and advised that she was struggling with making her payments as a result of financial problems. Plaintiff explained she was a senior citizen on a fixed income, and told Defendants she would make half her payment and then the other half two weeks later.

17.    Despite making arrangements to pay, Smile Brands nonetheless continued to call Plaintiff in an attempt to collect the Debt at an annoying and harassing rate.

18.    Plaintiff was bothered by the constant calls, especially since she had spoken with representatives to arrange for payment.

19.    The calls were also bothersome because Defendants repeatedly called Plaintiff early in the morning. Plaintiff advised Defendants that she suffers with sleep problems, and she told a number of representatives to not call her before 10:00 a.m.

20.    Defendants ignored Plaintiff's requests and continue to call her prior to 10:00 a.m.

21.    Plaintiff ultimately grew tired of the calls, and directed Defendants to stop calling. Despite this, Defendants continued to initiate calls to Plaintiff at an annoying and harassing rate.

22.    Plaintiff spoke to Defendants' representatives many times in an attempt to stop the calls and to make payment arrangements. Often times she was met with rude and demeaning representatives, and Plaintiff felt bullied and humiliated when conversing with them. During one conversation, a representative was so rude that it brought Plaintiff to tears. Another representative told Plaintiff the calls could not stop because it was on an automated dialing system.

23.    Despite Plaintiff clearly expressing a desire to not be called, Defendants ignored each of Plaintiff's do-not-call directives, and continued to barrage her with daily calls.

24.    Defendants' calls were also annoying because they were automated. Sometimes when Plaintiff answered, Defendants' telephone system disconnected the call. Other times, when Plaintiff answered she waited for a representative, but Defendants' telephone system never transferred Plaintiff to a representative with whom she could speak. Other times Plaintiff answered the calls and heard only silence or was disconnected.

25.    Defendants added to Plaintiff's frustration by calling from many different telephone numbers, using a variety of area codes and calling from blocked and unknown numbers. When Plaintiff tried to block one of Defendants' numbers, Defendants would start calling from different numbers.

26.    Defendants' continued calls after Plaintiff revoked her consent intruded upon her right to privacy and caused her great distress. For each and every call Defendants made to Plaintiff without her consent and over her objections, she suffered an unnecessary expenditure of her time and frustration. Plaintiff wasted time answering

calls, holding for representatives to field the call, and sometimes never getting connected to a person. Even for unanswered calls, Plaintiff had to spend time dealing with missed call notifications and call logs reflecting the aggravating and unwelcome calls. The frequent calls occupied Plaintiff's cellular phone, depleted her battery, and interfered her ability to use her phone in the manner in which she intended to use it. By calling from many different numbers, different area codes, and sometimes blocking the caller identification, Plaintiff was forced to waste even more time trying to figure out who was calling, and distressed to find that it was Defendants despite her many requests to stop.

27.     Ultimately, Plaintiff was forced to retain counsel in order to get the calls to stop.

28.     In addition to the constant calls, Defendants withdrew more than $122.41 per month from her bank account. Specifically, in January of 2018, Defendants withdrew two monthly payments from her account without her authorization.

29.     Defendants also failed to properly post payments and charged Plaintiff late fees even when she paid on time.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227, *ET SEQ.*

30.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     Defendants called Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

32.     Plaintiff provided her cellular number to Defendants and therefore Defendants originally had consent to autodial Plaintiff. However, Plaintiff revoked her consent in a reasonable manner by making multiple verbal do not call requests.

33.   Inasmuch as Plaintiff revoked her consent to be called, Defendants' continued automated calls were made without Plaintiff's consent and were therefore in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

34.   Defendants knows the prohibitions of the TCPA, yet ignored Plaintiff's revocations. As such, Defendants knowingly and willfully violated the TCPA by continuing to call Plaintiff. Defendants is therefore liable for treble damages of up to $1,500 for each call made in knowing or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(C).

35.   Defendants' telephone system has all the earmarks of an ATDS. Defendants' phone system initiated calls to Plaintiff without having a person available with whom Plaintiff could speak. Defendants used an automated system which sometimes disconnected Plaintiff without ever transferring her to a representative, and other times forced Plaintiff to wait in silence while she waited for the next available representative.

36.   Defendants' phone dialing systems have the capacity to store randomly or sequentially generated telephone numbers and randomly or sequentially dials telephone numbers.

37.   Not one of the calls from Defendants to Plaintiff were placed for "emergency purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

38.   Plaintiff is entitled to damages as a result of Defendants' TCPA violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, CAL. CIV. CODE §1788 *et. seq.***

39.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.   The Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 *et. seq.* ("Rosenthal FDCPA") prohibits creditors, like Defendants, from

engaging in unfair and deceptive acts and practices in the collection debts. The Act prohibits creditors from mistreating and deceiving consumers.

41.     Defendants disregarded Plaintiff's rights by engaging in multiple violations of the Rosenthal FDCPA.

42.     After knowing Plaintiff revoked consent to be called, Defendants caused Plaintiff's telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy her, in violation of Cal. Civ. Code § 1788.11(d).

43.     The Rosenthal Act incorporates the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* As such, a violation of the FDCPA by a creditor amounts to a violation of the Rosenthal FDCPA. Cal. Civ. Code § 1788.13(e).

44.     Defendants engaged in numerous violations of the FDCPA during its dealings with Plaintiff. In particular:

a.     Defendants continued to contact Plaintiff during the early morning hours despite knowing she did not want to be called prior to 10:00 a.m. in violation of 15 U.S.C. § 1692c.

b.     Defendants caused Plaintiff's phone to ring repeatedly and with the intent to annoy and harass him, in violation of 15 U.S.C. §1692d(5);

c.     Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d; and

d.     Defendants used an unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f.

45.     Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT,
## 15 U.S.C. §1693 *et. seq.*

46.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.    Plaintiff maintained an "account" as that term is defined in 15 U.S C. §1693a(2) and is a "consumer" within the meaning of 15 U.S.C. §1693a(6).

48.    Defendant violated 15 U.S.C. §1693a(12), which prohibits "unauthorized electronic fund transfer," by debiting Plaintiff's bank account without Plaintiff's actual authorization and without providing him any benefit.

49.    Defendant violated 15 U.S.C. §1693e(a) in that it failed to obtain Plaintiff's written authorization to conduct certain preauthorized electronic fund transfer from Plaintiff's account.

50.    Defendant further failed to comply with the EFTA in that it failed to comply with the requirements of the Electronic Signatures In Global And National Commerce Act, 15 U.S.C. §7001 *et. seq.,* because it did not obtain from Plaintiff a valid "electronic signature" within the meaning of 15 U.S.C. §7006(5).  Defendant did not obtain valid consent from Plaintiff to provide electronic copies to them of their purported authorizations, and did not provide Plaintiff with any copies of its purported authorizations, including in electronic form or otherwise.

51.    The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the EFTA, including every one of the above-cited provisions.

52.    The Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.    Statutory damages of $1,000.00 for knowingly and willfully committing Rosenthal FDCPA violations pursuant to Cal. Civ. Code §1788.30(b);

2.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1693m(a)(2)(A);

3.    As a result of each call from Defendants made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. §227(b)(3)(B);

4.    As a result of each call from Defendants made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

5.    Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1693m(a)(3), and Cal. Civ. Code § 1788.30;

6.    Such other and further relief as may be just and proper.


DATED:  October 9, 2018                    TAMMY HUSSIN

                                           By: /s/   Tammy Hussin
                                           Tammy Hussin, Esq.
                                           Hussin Law
                                           Attorney for Plaintiff, Gloria Clark