Manatt, Phelps & Phillips, LLP
CHRISTINE M. REILLY (Bar No. CA 226388)
E-mail: CReilly@manatt.com
KRISTIN E. HAULE (Bar No. CA 312139)
E-mail: KHaule@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendants
Smile Brands Inc. and Smile Brands Finance, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLORIA CLARK,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SMILE BRANDS, INC.; SMILE BRANDS FINANCE, INC. dba BRIGHT NOW! DENTAL INC.,<br><br>                    Defendants. | Case No.  18-cv-2374-CAB (BLMx)<br>Hon. Cathy Ann Bencivengo<br><br>**SMILE BRANDS INC. AND SMILE BRANDS FINANCE, INC.'S ANSWER TO COMPLAINT** |

Defendants Smile Brands Inc. and Smile Brands Finance, Inc. (collectively, "Smile Brands") hereby answer the complaint (the "Complaint") of plaintiff Gloria Clark ("Plaintiff").

1. Paragraph 1 does not raise any factual issues requiring a response. To the extent any response is required, Smile Brands admits only that the action purports to assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Electronic Fund Transfer Act, 15 U.S.C. § 1693 ("EFTA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 ("Rosenthal FDCPA"). To the extent the remaining allegations in Paragraph 1 require a response, Smile Brands denies those allegations.

## JURISDICTION

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent any response is required, Smile Brands lacks information sufficient to form a belief as to those allegations and therefore denies them.

3. Smile Brands admits only that it transacts business within this district. The remaining allegations in Paragraph 3 consist of conclusions of law to which no response is required. To the extent any response is required, Smile Brands denies the remaining allegations in Paragraph 3.

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent any response is required, Smile Brands lacks information sufficient to form a belief as to those allegations and therefore denies them.

5. Smile Brands admits only that Smile Brands transacts business within this district. The remaining allegations in Paragraph 5 consist of conclusions of law to which no response is required. To the extent any response is required, Smile Brands denies the remaining allegations in Paragraph 5.

## THE PARTIES

6. Smile Brands lacks information sufficient to form a belief as to the allegations in Paragraph 6 and therefore denies those allegations.

7. Smile Brands denies that Smile Brands Inc. is a California Corporation. Smile Brands admits that Smile Brands Inc.'s principal place of business is in Irvine, California.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent any response is required, Smile Brands denies those allegations. Smile Brands specifically denies that Smile Brands Finance, Inc. is "involved in providing dental insurance and recovery/collection".

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent any response is required, Smile Brands denies those allegations.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2   DEFENDANTS' ANSWER TO COMPLAINT

## THE FACTS

10. Smile Brands lacks information sufficient to form a belief as to if or when plaintiff received dental work, and therefore denies those allegations. Smile Brands admits that Smile Brands Finance, Inc. entered into a finance agreement with Plaintiff. Smile Brands denies the remaining allegations in Paragraph 10.

11. Paragraph 11 contains conclusions of law to which no response is required. To the extent any response is required, Smile Brands denies those allegations.

12. Smile Brands admits that pursuant to the finance agreement with Smile Brands Finance, Inc., Plaintiff agreed to pay $122.41 per month until such time as the loan was paid in full. Smile Brands denies the remaining allegations in Paragraph 12.

13. Smile Brands admits that Plaintiff provided her bank account information to Smile Brands Finance, Inc., and authorized Smile Brands Finance, Inc. to withdraw $122.41 per month from her bank account. Smile Brands denies the remaining allegations in Paragraph 13.

14. Smile Brands lacks information sufficient to form a belief as to the allegations in Paragraph 14 and therefore denies those allegations.

15. Smile Brands admits that Smile Brands Finance, Inc. called Plaintiff's cellular telephone in relation to her loan. Smile Brands denies the remaining allegations in Paragraph 15.

16. Smile Brands lacks information sufficient to form a belief as to the allegations in Paragraph 16 and therefore denies those allegations.

17. Smile Brands denies the allegations in Paragraph 17.

18. Smile Brands lacks information sufficient to form a belief as to the allegations in Paragraph 18 and therefore denies those allegations.

19. Smile Brands admits that Plaintiff asked not to be called before 10:00 a.m. Smile Brands lacks information sufficient to form a belief as to the remaining allegations in Paragraph 19 and therefore denies those allegations.

20. Smile Brands admits that Smile Brands Finance, Inc. called Plaintiff before 10:00 a.m. after she orally requested not to be called before that time. Smile Brands denies the remaining allegations in Paragraph 20.

21. Smile Brands admits that Plaintiff orally requested that Smile Brands Finance, Inc. stop calling. Smile Brands admits that Smile Brands Finance, Inc. continued to call Plaintiff after she orally requested that it stop calling. Smile Brands denies the remaining allegations in Paragraph 21.

22. Smile Brands admits that Smile Brands Finance, Inc. spoke with Plaintiff numerous times. Smile Brands lacks information sufficient to form a belief as to the remaining allegations in Paragraph 22 and therefore denies those allegations.

23. Smile Brands admits that Smile Brands Finance, Inc. continued to call Plaintiff after she orally requested that it stop calling. Smile Brands denies the remaining allegations in Paragraph 23.

24. Smile Brands denies that the calls were automated, and on that basis denies that allegation. Smile Brands lacks information sufficient to form a belief as to the remaining allegations in Paragraph 24 and therefore denies those allegations.

25. Smile Brands lacks information sufficient to form a belief as to the allegations in Paragraph 25 and therefore denies those allegations.

26. Paragraph 26 contains conclusions of law to which no response is required. Smile Brands lacks information sufficient to form a belief as to the remaining allegations in Paragraph 26 and therefore denies those allegations.

27. Smile Brands lacks information sufficient to form a belief as to the allegations in Paragraph 27 and therefore denies those allegations.

28. Smile Brands denies that Smile Brands Finance, Inc. withdrew two monthly payments from Plaintiff's account without her authorization in January 2018. Smile Brands lacks information sufficient to form a belief as to the remaining allegations in Paragraph 28 and therefore denies those allegations.

29. Smile Brands denies the allegations in Paragraph 29.

# COUNT 1
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227, *ET SEQ.*

30. Paragraph 30 does not raise any factual issues requiring a response. To the extent any response is required, Smile Brands realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

31. Smile Brands denies that Smile Brands Finance, Inc. called Plaintiff's cellular telephone using an automated telephone dialing system or by using an artificial or prerecorded voice. Smile Brands denies the remaining allegations in Paragraph 31.

32. Smile Brands admits that Plaintiff provided Smile Brands Finance, Inc. with her cellular telephone number. The remaining allegations in Paragraph 32 are conclusions of law to which no response is required. To the extent a response is required, Smile Brands denies those allegations.

33. Smile Brands denies the allegations in Paragraph 33.

34. Smile Brands denies the allegations in Paragraph 34.

35. Smile Brands denies that Smile Brands Finance, Inc.'s telephone system initiated calls to Plaintiff without having a person available with whom Plaintiff could speak. Smile Brands also denies that Smile Brands Finance, Inc. used an automated dialing system. Smile Brands lacks information sufficient to form a belief as to the remaining allegations in Paragraph 35 and therefore denies those allegations.

36. Smile Brands denies that allegations in Paragraph 36.

37. Smile Brands lacks information sufficient to form a belief as to the allegations in Paragraph 37 and therefore denies those allegations.

38. Smile Brands denies that any TCPA violation occurred and on that basis denies the allegations in Paragraph 38.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *et seq.*

39. Paragraph 39 does not raise any factual issues requiring a response. To the extent any response is required, Smile Brands realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

40. Paragraph 40 does not raise any factual issues requiring a response. To the extent the allegations in Paragraph 40 require a response, Smile Brands denies those allegations.

41. Smile Brands denies the allegations in Paragraph 41.

42. Smile Brands denies the allegations in Paragraph 42.

43. Paragraph 43 does not raise any factual issues requiring a response.

44. Smile Brands denies the allegation in Paragraph 44 that it violated the FDCPA. The remaining allegations in Paragraph 44 constitute conclusions of law to which no response is required. To the extent a response is required, Smile Brands denies those allegations.

45. Smile Brands denies that it violated the Rosenthal FDCPA, and on this basis denies that Plaintiff is entitled to damages.

## COUNT III
## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693 *et seq.*

46. Paragraph 46 does not raise any factual issues requiring a response. To the extent any response is required, Smile Brands realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

47. Smile Brands lacks information sufficient to form a belief as to the allegations in Paragraph 47 and therefore denies those allegations.

48. Smile Brands denies the allegations in Paragraph 48.

49. Smile Brands denies the allegations in Paragraph 49.

50. Smile Brands denies the allegations in Paragraph 50.

51. Smile Brands denies the allegations in Paragraph 51.

52. Smile Brands denies that it violated the EFTA, and on this basis denies that Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

Smile Brands denies that Plaintiff is entitled to any relief.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the facts alleged in the Complaint, Smile Brands asserts and alleges the following separate and additional defenses, without prejudice

to Smile Brands' right to argue that Plaintiff bears the burden of proof as to any one or more of these defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Smile Brands upon which relief can be granted, and therefore ought to be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff provided her prior express consent to be contacted.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged in any manner then said damages, if any, or the whole thereof, were and are a result of the failure of Plaintiff to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative fault.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk because Plaintiff voluntarily opted in to receive calls and failed to engage in reasonable efforts to cease the calls.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint and the purported claims for relief stated therein are barred because Plaintiff has not sustained any injury or damage as a result of any act or omission of Smile Brands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis harm because the actual harm allegedly suffered is negligible.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused in whole or in part by the actions of parties other than Smile Brands.

## ELEVENTH AFFIRMATIVE DEFENSE

The telephone number at issue in the Complaint is not a home or residential phone number, and therefore does not enjoy the protections alleged in the Complaint and afforded by the TCPA.

## TWELFTH AFFIRMATIVE DEFENSE

Certain additional defenses to the Complaint and to the purported claims for

relief stated therein may be available to Smile Brands. However, these additional defenses may require discovery before they can be properly alleged. Thus, Smile Brands reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action.

## PRAYER

WHEREFORE, Smile Brands prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. Plaintiff take nothing by this action;

3. Smile Brands be awarded their costs of suit; and,

4. Smile Brands be awarded such other relief as the Court deems just and proper.

Dated:   December 13, 2018          MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Christine M. Reilly
Christine M. Reilly
*Attorneys for Defendants*
Smile Brands Inc. and Smile Brands Finance, Inc.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

11     DEFENDANTS' ANSWER TO COMPLAINT